McINNIS, judge.
The original petition in this case was filed by Sam L. Tally against the defendant, demanding $1,500 for damage sustained to a 1949 Oldsmobile Sedan. It developed that the title to the automobile was in the name of his wife, Mrs. Sam L. Tally, and an amended petition was filed by Tally and his wife" and Pacific Fire Insurance Company, demanding $1,600, of which $1,550 is demanded by the insurance company and $50 by the other plaintiffs.
Plaintiffs allege that on November 2, 1951, about 6:30 o’clock P.M., Sam L. Tally was driving the Oldsmobile in a northerly direction along U. S. Highway 171 at a point about five miles south of the town of Many, Louisiana, in a careful, prudent manner and at a lawful speed and that he was meeting a 1950 Ford truck, driven by defendant in a southerly direction, along the same highway and that just as the two vehicles would have passed each other, traveling in opposite directions, the truck suddenly turned left in the path of the automobile, causing it to collide with the truck and that this action, on the part of defendant, was the sole.cause of the accident and that he, Tally, did all in his power to avoid the collision, but was unable to do so.
An exception of no cause and no right of action was filed and overruled. It is not urged here and will be considered as abandoned.
Defendant answered, denying the substantial allegations of the petition and, fur-; ther answering, denies that he was guilty of any negligence. He says that as he approached the intersection of a public road with the highway, he slowed his speed to some eight to ten miles an hour and began making a left-hand turn into the public road, and that, before making thg turn, he looked- and the road was clear to his rear and front and that after he had made his turn-into the road, the back end of his truck was struck by the Oldsmobile, and he alleges that the collision was caused solely by the negligence of Tally, who was driving at an excessive speed, at least 75 miles per hour, and in observing1 the road ahead did not keep a proper lookout and did not have the Oldsmobile under control. Alternatively he alleges that in the event defendant is found guilty of any negligence proximately causing the accident, that Tally was guilty of contributory negligence, in that he was driving along a much-traveled highway at a speed of, at least, 75 miles per hour, without having his automobile under control "and without being able to stop within the range of his vision and without keeping a proper lookout, and that the negligence of Tally bars his recovery.
In the further alternative, he alleges that in the event the court finds the defendant was in any way negligent, that Tally had the last clear chance to avoid the accident; that if he had been keeping a proper lookout, he would have seen defendant turning left in the intersecting road in time to avoid the1 accident, and, for the further reason that the wést or left side of the highway was wide enough to permit the Oldsmobile to pass to the rear of the truck and that the west lane was clear at that time.
Defendant then set up a reconventional demand for $163.70 for damage to his truck.
After trial on the merits, there was judgment for $945, of which $50 is in favor of Tally and his wife and $895 in favor of Pacific Fire Insurance "Company. From this judgment, defendant prosecutes a de-volutive appeal.
There is little dispute in the evidence in this case. In fact the only dispute is as to the speed of the Oldsmobile and as to its distance from the truck when it made the left turn. It was dark at. the time of the accident and both drivers had their lights on and they,. saw each other when some distance apart.
It is now too well settled to require citation of authority that the driver of a motor vehicle, intending to make a left turn, carries the responsibility of being certain *397 that the turn can he made without1 danger to normal overtaking or oncoming traffic and he must yield the right-of-way to such vehicles, and, unless Tally was driving the automobile at an unlawful rate of speed, and it is found that his speed was a proximate cause of the accident, the defendant is liable.
Tally and his wife testified that his rate of speed was about sixty (60) miles per hour and that when he saw defendant make the left turn in front of him, he applied his brakes with all the force he could, but was unable to stop before colliding with 'the truck.
In an effort to establish his claim that the speed of the Oldsmobile was excessive, defendant testified that he saw on the highway the next day that Tally skidded one wheel of the automobile 276 feet, to within about 40 feet of the place of the accident, but in the light of all the other evidence in the case, we are not convinced that this single mark was made by the Oldsmobile. Tally testified that the brakes were in good condition and Mr. Adrian B. Crittenden, an automobile mechanic who buys and sells wrecked automobiles, bought the Oldsmobile and repaired it and drove it nine months before he sold it and he testified that the brakes were in good condition and that he did not have to do anything to them at any time while he owned the Oldsmobile. Defendant has failed to establish that Tally was driving in excess of 60 miles per hour, or that the speed of plaintiff’s car was a proximate or contributing cause of the accident.
We have examined the many authorities cited in support of defendant’s contentions •but, in our opinion, they are not applicable to the facts in this case, and citing and distinguishing them would serve no useful purpose.
With respect to the contention that Tally had the last clear chance to avoid the accident, we are of the opinion that the record discloses that he took all the means at his command in his effort to avoid the collision and that the collision and resulting damage was caused by defendant undertaking a left turn in the path of the oncoming Oldsmobile, which he plainly saw approaching from the south.
For these reasons, the judgment appealed from is affirmed at the cost of defendant in both courts.